People v Gifford (2018 NY Slip Op 02675)





People v Gifford


2018 NY Slip Op 02675


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

108385

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAVID G. GIFFORD, Appellant.

Calendar Date: February 16, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Rumsey, JJ.


Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant, and appellant pro se.
John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Otsego County (Burns, J.), rendered March 4, 2016, which revoked defendant's probation and imposed a sentence of imprisonment, and (2) by permission, from an order of said court, entered January 11, 2017, which denied defendant's motion pursuant to CPL 440.20 to vacate the sentence, without a hearing.
Defendant, who had numerous prior convictions for driving while intoxicated, was indicted and charged with driving while intoxicated, a class D felony. He pleaded guilty to the charged crime based on an agreement that he would be sentenced to five years of probation with a requirement that he participate in drug
court, and that he would receive specified sentences if he was not accepted into the program or was accepted but failed to complete it. After County Court sentenced him to probation, and he apparently was not accepted into the drug court program, defendant failed to contact the Probation Department and absconded to another state.
Five years later, defendant was apprehended and brought before County Court to address his violation of probation. After a hearing, County Court concluded that defendant violated several conditions of probation, revoked his probation and imposed a prison sentence of 2&frac13; to 7 years. The court later denied defendant's pro se CPL 440.20 motion to vacate the [*2]sentence. Defendant appeals from the judgment revoking his probation and imposing a prison sentence and, by permission, from County Court's order denying his motion to vacate his sentence.
Contrary to defendant's argument, County Court did not impose an enhanced sentence upon his original plea but, rather, imposed a new sentence upon revoking his probation. The prior plea discussions did not bind the court, as they did not address defendant's eventual violation of conditions of probation unrelated to the drug court program. Considering that the crime at issue represents defendant's eighth conviction for driving while intoxicated, defendant absconded from the state before ever reporting for probation and he was arrested in multiple states in the interim, we reject defendant's argument that the sentence was harsh and excessive.
County Court correctly denied defendant's CPL 440.20 motion because he failed to demonstrate that the sentence imposed was "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]). Defendant's remaining arguments have been examined and found to be lacking in merit.
Egan Jr., Devine, Clark and Rumsey, JJ., concur.
ORDERED that the judgment and order are affirmed.